IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUNE E. SCOTT and
DAVID LANDON MURPHY,

    Plaintiffs,

vs.                                                                    No. CIV 11-1084 JP/ACT

HSBC BANK USA N.A., as Trustee for the
Registered Holders of Nomura Home Equity Loan
Inc., Home Equity Loan Trust, Series 2007-3 Asset-
Backed Certificates, a Delaware corporation;
OCWEN LOAN SERVICING, and DOES 1 to 10,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs, June E. Scott and David Landon Murphy, move the Court to reconsider the Court's dismissal of Plaintiffs' COMPLAINT OF UNLAWFUL FORECLOSURE (Doc. No. 1) ("Complaint"). On August 16, 2012, Plaintiffs filed an OBJECTION TO MEMORANDUM AND ORDER (Doc. No. 55) ("Objection"), challenging the Court's MEMORANDUM OPINION AND ORDER (Doc. No. 53) ("Order"), filed July 24, 2012, which dismissed the Complaint. The Court construes Plaintiffs' Objection as a motion to reconsider the Court's July 24 Order. The Court concludes that the Objection should be denied because Plaintiffs have not offered adequate justification for the Court to alter its ruling under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

The Court will provide only a brief discussion of relevant facts in this MEMORANDUM

1

OPINION AND ORDER denying Plaintiffs' Objection. The Court provided a more detailed recitation of the factual background in its previous Order (Doc. No. 53).

On January 11, 2010, the First Judicial District Court, County of Santa Fe, State of New Mexico, granted a default judgment in favor of Plaintiff HSBC Bank against Defendant June Scott. *See* Doc. No. 1-25 at 1. June Scott subsequently filed a Motion to Set Aside Default and Subsequent Sale. *Id.* The First Judicial District Court set aside the January 2010 default judgment on February 24, 2011, as "improvidently granted." *Id.* However, on October 7, 2011, the First Judicial District Court entered a DEFAULT JUDGMENT, DECREE OF FORECLOSURE, AND APPOINTMENT OF SPECIAL MASTER. *See* Doc. No. 7-1 at 1. On June 8, 2012, the same court entered an ORDER APPROVING REPORT OF SPECIAL MASTER, CONFIRMING SALE, AND AWARDING DEFICIENCY JUDGMENT, confirming the December 13, 2011 foreclosure sale of June Scott's Santa Fe property. *See* Doc. No. 53-1.

Plaintiffs next filed their Complaint in federal court asserting two principal claims: (1) that Defendants breached Plaintiffs' privacy rights, and (2) that Defendants were engaging in "deceptive and fraudulent conduct with the sole intent to deprive Plaintiffs of their rights to subject property." Doc. No. 1 at 2. Plaintiffs also attempted to bring two claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), though without specifically alleging or factually supporting the RICO claims. *Id.* The remainder of Plaintiffs' Complaint argued that Defendants had "no legal right to foreclose on the subject property." *See* Doc. No. 1 at 5-12. Plaintiffs asked the Court to "order Defendants to remove their security interest in the subject property" and to award Plaintiffs "treble damages for fraud." *Id.* at 12.

In its Order dismissing Plaintiffs' Complaint, the Court determined that Plaintiffs' claims challenging the state court foreclosure judgment must be dismissed under the *Rooker-Feldman*

doctrine, which prohibits the lower federal courts from reviewing a state court's final judgments. *See* Doc. No. 53 at 12-13. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Court dismissed Plaintiffs' remaining federal claims under RICO and for breach of privacy under FED. R. CIV. P. Rule 12(b)(6) for failure to state a cognizable claim. *See Doc.* No. 53 at 17-18.

## DISCUSSION

In their Objection and in a simultaneously filed MEMORANDUM OF POINTS AND AUTHORITIES (Doc. No. 54), Plaintiffs assert simply that "exhibits control the case" and, therefore, "Plaintiffs [sic] Exhibit D must control this case." *See* Doc. No. 55 at 1. Plaintiffs' "Exhibit D" is a copy of the First Judicial District Court's February 24, 2011 ORDER vacating its January 11, 2010 default judgment against June Scott. *See* Doc. No. 55-1. Plaintiffs argue that because of this state court order, "all future sales [were] made a nullity." *See* Doc. No. 55 at 1. Plaintiffs assert in their Objection that "Stare Decisis dictates that this decision cannot lawfully be revisited or ignored as in the instant case." *Id.* Similarly, in their MEMORANDUM OF POINTS AND AUTHORITIES, Plaintiffs argue that "[o]nce a case is properly adjudicated as in the state case its (prior) decision must stand." *See* Doc. No. 54 at 2. Defendants filed no response to Plaintiffs' Objection or to their MEMORANDUM OF POINTS AND AUTHORITIES.

### A.      Legal Standards Governing a Motion to Reconsider

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, the rules allow a party to file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment under Rule 60(b). *Id.* "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3)

the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (quotation and citation omitted). But motions to reconsider under Rule 59(e) and Rule 60(b) are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

A party may file a motion to alter or amend a judgment under Rule 59(e) "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The Tenth Circuit has explained that a "Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1274-75 (10th Cir. 2005) (quotation and citation omitted).

Under FED. R. CIV. P. 60(b),

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

**B.     Plaintiffs Are Not Entitled to Relief under Rule 59(e) or Rule 60(b).**

Plaintiffs cite neither Rule 59(e) nor Rule 60(b) in their Objection. The Court concludes, however, that Plaintiffs' Objection is timely under either Rule 59(e) or Rule 60(b) because it was

filed within twenty-eight days of the Court's dismissal of Plaintiffs' Complaint. Accordingly, the Court will consider Plaintiffs' Objection under both rules.

In their Objection, Plaintiffs do not argue that relief is warranted by an intervening change in controlling law or by newly available evidence. Rather, Plaintiffs' sole argument is essentially that the Court's July 24 Order contained "clear error" or mistake of the kind that a Rule 59(e) or Rule 60(b) motion can correct. *See Servants of Paraclete,* 204 F.3d at 1012. Plaintiffs argue that their Exhibit D "controls" the case, so that any judgment against them and June Scott's purported ownership of the foreclosed property is erroneous.[1] *See* Doc. No. 55 at 1. But Plaintiffs' Objection just reiterates the main argument of their original Complaint, in which Plaintiffs contended that Defendants had "no legal right to foreclose on the subject property." *See* Doc. No. 1 at 5-12.

As this Court explained in its Order, however, the Court lacks the jurisdiction to consider this very subject. *See* Doc. No. 53 at 13. Under the *Rooker-Feldman* doctrine, this federal district court may not effectively exercise appellate jurisdiction over state court judgments. *See id.* at 10 (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005)). Essentially, Plaintiffs' Complaint and Objection both ask the Court to readjudicate a state court foreclosure proceeding in which they lost. But Plaintiffs have presented no new arguments, no newly discovered evidence, no evidence of change in the law or mistake on the Court's part, and no indication of any other exceptional circumstances. Hence, there is no basis under either Rule 59(e) or Rule 60(b) for the Court to change its original determination that the Court lacks

---

[1] Plaintiffs' Objection makes no mention of their allegations of their previous RICO or privacy law claims, so this Court construes the Objection as asking for reconsideration only of the portion of its Order dismissing the Complaint on the basis of the *Rooker-Feldman* doctrine.

subject-matter jurisdiction over Plaintiffs' Complaint.

## CONCLUSION

In their Objection, Plaintiffs fail to cite either FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60(b). Nonetheless, the Court has considered Plaintiffs' arguments under both rules. The Court concludes that Plaintiffs have failed to demonstrate that the Court should alter or amend its Order under Rule 59(e) or Rule 60(b). Plaintiffs merely have advanced the same argument, in a more condensed format, that they advanced in their initial Complaint, and which the Court dismissed. Accordingly, Plaintiffs' Objection will be denied.

**IT IS ORDERED THAT**

PLAINTIFFS' OBJECTION TO MEMORANDUM AND ORDER (Doc. No. 55) is **DENIED**.

_____
UNITED STATES DISTRICT COURT JUDGE